## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **FLAGSTAR BANK, FSB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 2012-0093** |
| | ) | |
| **AESHA O. RIVERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**Attorneys:**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
  *For Plaintiff*

### MEMORANDUM OPINION

**Lewis, Chief Judge**

 THIS MATTER comes before the Court on the "Motion for Default Judgment" filed by Plaintiff Flagstar Bank, FSB ("Flagstar") against Defendant Aesha O. Rivers ("Rivers"). (Dkt. No. 7). For the reasons discussed below, the Court will grant Plaintiff's Motion for Default Judgment.

### BACKGROUND

 On September 11, 2012, Flagstar filed a Complaint against Rivers, alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 1). Flagstar asserts that Rivers is the titleholder of record to real property ("the Property"), who defaulted on a Promissory Note and on a Mortgage regarding that Property, which is described in the Warranty Deed as:

> Plot No. 291 Estate Cotton Valley, East End Quarter "B", St. Croix, U.S. Virgin Islands, consisting of 0.5 U.S. acres, more or less, as more fully shown on OLG Drawing No. 2036 dated December 9, 1966.

(Deed, Dkt. No. 8-1). The Complaint alleges that, on May 31, 2011, Rivers executed and delivered to Flagstar a promissory note (the "Note"), which obligated her to pay the principal amount of $445,440.00, together with interest at a rate of 5.000% per annum, in consecutive monthly installments of $2,391.22 beginning July 1, 2011. (Compl. ¶¶ 6-7, Dkt. No. 1). To secure payment on the Note, Rivers granted to Flagstar and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar and its successors and assigns, a first priority mortgage dated May 31, 2011 over the Property (the "Mortgage"), which provided that Rivers would pay to Flagstar the payments due under the Note. *Id.* ¶¶ 8-9.

The Complaint further alleges that, on or about March 1, 2012, Rivers defaulted under the terms and conditions of the Note and under the terms and conditions of the Mortgage, in that monthly installments of principal and interest became due and were not paid; that Flagstar gave notice of default to Rivers by correspondence dated April 17, 2012, advising her that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien; and that, as of the date of the Complaint, the default had not been cured. *Id.* ¶¶ 10-14. On August 3, 2012, MERS—for itself and as nominee for Flagstar—assigned its entire interest in the Property to Flagstar (the "MERS Assignment"). *Id.* ¶ 16.

With regard to the debt cause of action, the Complaint provides that Rivers owes Flagstar the sum of $441,095.27 in unpaid principal balance; interest from February 1, 2012 to June 19, 2012 of $8,439.23; accumulated late charges of $1,273.14; escrow advances of $1,893.51; accumulated non-sufficient funds charges of $20.00; and recoverable corporate balance of $118.00; for a total amount due of $452,839.15. *Id.* ¶ 19. Flagstar further asserts that, under the terms of the Mortgage, it is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with regard to the Property, and that under the terms of the Note and

Mortgage, it is entitled to be reimbursed for reasonable attorney's fees and other expenses it has incurred to enforce payment of the Note or incidental to foreclosure of the Property. *Id.* ¶¶ 21, 22.

With regard to the foreclosure cause of action, the Complaint provides that Flagstar has possession of the Note and is the holder of the Mortgage, allowing it to maintain the foreclosure action; that Rivers is in default under the terms and conditions of the Note, and is in default under the terms and conditions of the Mortgage; and that Flagstar is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from Rivers. *Id.* ¶¶ 25-27.

Rivers was served with a copy of the Summons and Complaint on October 26, 2012. (Dkt. No. 3). She has neither answered the Complaint nor appeared in this action. On March 6, 2013, Flagstar filed an Application for Entry of Default against Rivers. (Dkt. No. 4). The Clerk of Court entered default against Rivers on March 12, 2013. (Dkt. No. 6).

On August 19, 2013, Flagstar filed its Motion for Default Judgment (the "Motion") (Dkt. No. 7), along with a Memorandum of Law in Support of Motion for Default Judgment (Dkt. No. 8), an Affidavit of Indebtedness (Dkt. No. 9), and a Declaration of Counsel in Support of Costs and Attorney's Fees. (Dkt. No. 10). In its Memorandum of Law, Flagstar argues that the procedural elements for default judgment have been satisfied because: Rivers was properly served with copies of the Summons and Complaint; the Clerk entered default against her; and she is not an infant or incompetent person, nor in the military service. (Dkt. No. 8 at 6). Flagstar further contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that: title to the Property is held by Rivers; Rivers executed the Note and the accompanying Mortgage; Flagstar has

3

possession of the original Note and is holder of the Mortgage in its own right and by way of the MERS Assignment; Rivers defaulted under the terms of both the Note and the Mortgage; Flagstar gave Rivers proper notice of the default and she failed to cure the default; and Flagstar elected to accelerate the amounts due and owing upon default, and foreclose on the Property. *Id.* at 6-7. In addition, Flagstar asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 7-10.

In support of the Motion, Plaintiff filed an Affidavit of Indebtedness, signed by Vanessa Ellison, a Flagstar Foreclosure Analyst, who explained how the Bank's document management system keeps track, and maintains records, of debit and credit transactions related to the Mortgage and original Note. (Dkt. No. 9, ¶¶ 3-8). The Affidavit sets forth the amounts due and owing through July 31, 2013: $441,095.27 in unpaid principal balance; interest from February 1, 2012 through July 31, 2013 of $33,057.02; escrow advances of $16,445.52, consisting of hazard and flood insurance and property tax payments; accumulated late fees of $3,066.90; inspections or other property preservation fees of $225.00; for a total amount due of $493,889.71. *Id.* ¶¶ 10-13. Ms. Ellison asserts that interest accrues at the per diem rate of $60.42. *Id.* ¶ 14. She also states that, based on the information she reviewed in connection with the loan, she had no information indicating that Rivers was either a minor or incompetent. In addition, pursuant to an investigation conducted on July 1, 2013 using official online resources provided by the Department of Defense's Manpower Data Center, there was no record that Rivers was an active member of the military service. *Id.* ¶ 16, Dkt. No. 9-8.

In the Declaration of Counsel in Support of Costs and Attorney's Fees, Flagstar's Counsel, A. Jennings Stone, Esq., averred that he, as a Senior Associate Attorney, and Attorney Nycole Thompson billed at $250.00 per hour on this matter, that paralegal Carol Hart billed at

$60.00-$125.00 per hour, and paralegal Lola Pierre billed at $60.00 per hour. (Dkt. No. 10). He attached billing records showing that the total time spent on this matter was 10.00 hours through August 19, 2013; that the total amount of attorney's fees incurred was $2,107.50; and that the total amount of costs expended was $681.00. *Id.*; Dkt. No. 10-1.

## APPLICABLE LEGAL PRINCIPLES

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to

[defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

## ANALYSIS

### A.  Default Judgment

Flagstar has satisfied all of the requirements necessary to obtain a default judgment against Rivers. It has shown that: (1) default was entered against Rivers by the Clerk of Court (Dkt. No. 6); (2) Rivers has not appeared; (3) Rivers is neither an infant nor incompetent person (Dkt. No. 9, ¶ 16); and (4) Rivers was validly served with process. (Dkt. No. 3). In addition, Flagstar provided copies of a Military Status Report from the Department of Defense Manpower Data Center showing that Rivers is not in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 9-8). Flagstar has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 9).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Flagstar resulting from Rivers' breach of her contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Rivers' default was a result of her culpable conduct as evidenced by her refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

**B. Attorney's Fees and Costs**

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b).

Under both the terms of the Note and Mortgage, the Bank may recover "reasonable" attorney's fees. (Dkt. No. 9-1, ¶ 6(E); Dkt. No. 9-2, ¶ 19). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013).

 "To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10.

Flagstar seeks $2,107.50 in attorney's fees as compensation for 10.00 hours of work billed in this matter. The Court finds that the number of hours billed was reasonable in this run-of-the-mill default judgment debt and foreclosure case. *See, e.g., Flagstar Bank FSB v. Roberts*, No. 12-cv-19 (D.V.I. Feb. 25, 2014) (awarding $1,902.50 in attorney's fees where counsel spent a total of 10.25 hours on the case).

With regard to the second step of assessing the reasonableness of attorney's fees— whether the hourly rate sought is reasonable—Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). Flagstar has also provided affirmations from three Virgin Islands attorneys who aver that the typical hourly rate for similar services charged by comparable attorneys in the Virgin Islands is between $250.00 and $300.00 per hour. (Dkt. Nos. 8-3, 8-4, 8-5). The Court therefore concludes that the $250.00 per hour rate charged by Flagstar's attorney is reasonable and falls within the scope of rates for such services. (Dkt. No. 10).

Based on the foregoing, the Court concludes that the $2,107.50 sought in attorney's fees is reasonable and will be awarded by the Court.

With regard to costs, under the terms of the Mortgage, Rivers agreed to "pay[] all expenses incurred in enforcing this Security Instrument[.]" (Dkt. No. 9-2, ¶ 19). The Court infers that in order for costs to be reimbursed, they must be reasonable. *Cf. Lewis v. Mazda Motor of Am.*, 2012 U.S. Dist. LEXIS 180222, at *7 (D.V.I. Dec. 20, 2012) (awarding reasonable costs in discovery dispute); *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (opining that Virgin Islands fee-shifting statute governing the award of attorney's fees and costs permits reimbursement for reasonable fees and costs). The Bank is seeking reimbursement

of $681.00 for the following costs: title search, recording fees, on-line search on Accurint (People/Business search), filing fees for Complaint, messenger service, and process server. (Dkt. No. 10-1). The Court finds that these costs are reasonable, and—pursuant to the plain language of the Mortgage contract—will award costs in the amount of $681.00.

## **CONCLUSION**

Flagstar has satisfied the requirements necessary for entry of a default judgment against Aesha O. Rivers. Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 7) will be granted. The Court will award a total of $2,788.50 in attorney's fees and costs.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: March 18, 2014                              _____/s/_____
                                                  WILMA A. LEWIS
                                                  Chief Judge

9